IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lester E. Thimmes,                              :

                Plaintiff         :        Civil Action 2:07-cv-01243

    v.                                           :        Judge Marbley

Michael J. Astrue, Commissioner
of Social Security,                            :        Magistrate Judge Abel

                Defendant
                                                    :

**ORDER**

This matter is before the Court on plaintiff Lester E. Thimmes's October 23, 2008 objections to Magistrate Judge Abel's October 7, 2008 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Thimmes is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff argues that the Magistrate Judge failed to address plaintiff's argument that Dr. Williams supported Dr. Rain's opinion by noting that Thimmes's ability to understand and remember very short and simple instructions was markedly limited. In formulating his hypothetical, the administrative law judge only noted moderate limitations, which contradicts the opinions of Drs. Rain and Williams. Although

plaintiff maintains that Dr. Williams noted that Thimmes's ability to understand remember very short and simple instructions was markedly limited, plaintiff is mistaken. Dr. Williams noted that plaintiff was not significantly limited in his ability to understand and remember short and simple instructions. *See* R. 300. Dr. Williams stated that "the clt is capable of simple mental tasks and capable of following simple routine instructions." (R. 303.)

Plaintiff also objects to the Magistrate Judge's conclusion that Dr. Miller had the proper credentials to evaluate plaintiff's impairments. Plaintiff argues that it was obvious that a board-certified neurologist should have testified as a medical expert. Dr. Miller is recognized as a specialist in psychiatry, neurology, and geriatrics. (R. 61.) It is not necessary that he be Board-certified in neurology.

Plaintiff further argues that the Magistrate Judge erred when he concluded that the plaintiff failed to show that the June 27, 2006 MRI was material. Plaintiff maintains that the MRI demonstrates that Thimmes's seizure disorder was severe, and the administrative law judge failed to consider the extent of the severity or the limitations that resulted from the seizure disorder. Plaintiff maintains that the administrative law judge questioned Thimmes's credibility because he noted that the his behavior was not typical of seizure episodes. Plaintiff contends that the MRI, which demonstrates findings consistent with a seizure disorder, is material because it proves that Thimmes has brain activity that would explain his seizure episodes and lends credibility to his complaints.

Again, plaintiff is mistaken. The administrative law judge concluded that plaintiff had a seizure disorder and considered the limitations resulting from his seizures in formulating his residual functional capacity assessment. The administrative law judge concluded that plaintiff's seizure disorder was a serious impairment. (R. 18.) The administrative law judge stated:

> With respect to the claimant's seizure disorder, while the claimant has experienced intermittent primarily grand mal appearing seizure episodes, these have not occurred in the frequency requires with respect to the sections 11.02 and 11.03 of the Listings of Impairments in spite of at least three months of prescribed treatment as required therein. The claimant has experienced periods of time with episodes occurring as frequently as required in these sections, but he consistently has been non-compliant based upon not taking anticonvulsant medications as prescribed and/or using drugs/alcohol against medical advice. This is consistent with the testimony at the hearing of Dr. Miller, the medical expert, and is clearly demonstrated by the longitudinal medical record.

(R. 19.) The administrative law judge emphasized that plaintiff consistently failed to his anticonvulsant medication as prescribed, and he failed intermittently abused alcohol and drugs despite his methadone treatment. (R. 24.) The administrative law judge formulated a residual functional capacity that incorporated limitations based on his seizure disorder. Plaintiff was to avoid climbing ladders, ropes, or scaffolds; being at unprotected heights; or being around hazardous moving machinery. (R. 21.)

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED.** Defendant's motion for summary judgment is **GRANTED.** The

decision of the Commissioner is **AFFIRMED.** The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED.**

                                                         s/Algenon L. Marbley
                                                        Algenon L. Marbley
                                                        United States District Judge